Lawrence J. Gornick (SBN 136290)
Dennis J. Canty (SBN 207978 )
**KAISER GORNICK LLP**
100 First St., 25th Floor
San Francisco, CA 94105
Telephone: (415) 857-7400
Fax: (415) 857-7499
lgornick@kaisergornick.com
dcanty@kaisergornick.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEFFREY A. KAISER,<br><br>            Plaintiff,<br>vs.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>           Defendant. | Case No: C12-01311-DMR<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: July 11, 2012<br>Time: 1:30 p.m.<br>Courtroom: 4, 3rd Floor<br><br>Action Filed: March 16, 2012 |

    Pursuant to Local Rule 16-9, and F.R.C.P. 26(f), Plaintiff JEFFREY A. KAISER ("Plaintiff") and Defendant BMW of North America, LLC ("BMW NA") hereby submit their Joint Case Management Conference Report for the initial case management conference.

    **1.    Jurisdiction and Service**

    This case is filed pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. Plaintiff is a resident of California and Defendant BMW NA's principal place of business is New Jersey. The amount in controversy exceeds $75,000.00.

    **2.    Facts**

*Plaintiff*

    Plaintiff purchased a new BMW 335i in July 2008 from a BMW dealership in Concord, CA. On five occasions between November 2009 and November 2010, BMW attempted unsuccessfully to

1 repair a problem with the passenger restraint system. In August 2011, BMW offered to repurchase
2 the vehicle using the formula provided by Civil Code Section 1793.2(d)(2). However, when
3 Plaintiff brought the vehicle to BMW, defendant insisted upon further reduction of the repurchase
4 price to account for "excessive wear and tear." Such further reduction is unlawful pursuant to Civil
5 Code Section 1793.2(d)(2).
6      In November 2011, the dispute was arbitrated before the Better Business Bureau ("BBB").
7 BBB holds itself out as a "qualified third-party dispute resolution process" for BMW in California
8 pursuant to Civil Code §1793.22(d). The BBB Arbitrator, citing BBB Arbitration rules, permitted
9 further reduction of the repurchase price for "excessive wear and tear." Such reduction is unlawful
10 pursuant to Civil Code §1793.2(d)(2), and because the BBB fails to apply the repurchase formula
11 prescribed by that section, BBB is not a qualified arbitrator pursuant to §1793.22(d)(5).
12      BMW's conduct is in willful violation of the Song-Beverly Consumer Warranty Act, and
13 plaintiff is entitled to restitution, incidental damages, civil penalties, and attorneys' fees. Plaintiff
14 will amend the complaint, stating claims under the Consumer Legal Remedies Act and Bus. & Prof.
15 Code Section 17200, and seeking injunctive relief prohibiting BMW's unlawful business practices
16 as well as punitive damages.
17     ***Defendant***
18      Plaintiff, an attorney, purchased a new BMW 335i in 2008. In or about May 2011, plaintiff
19 made a claim to defendant BMW NA under the Song-Beverly Consumer Warranty Act, California's
20 lemon law. BMW NA and the plaintiff agreed to resolve the claim pursuant to an agreement that
21 provided that BMW NA would repurchase the vehicle, and that plaintiff would return the vehicle
22 "in good working order and with all original parts and accessories, ordinary wear and tear excepted,
23 and the problem(s) giving rise to the claimed defect excepted." Thus, plaintiff agreed, as part of the
24 pre-litigation settlement, to return the subject vehicle and all accessories without damage beyond
25 normal wear and tear and the alleged defect. Plaintiff signed the agreement on August 2, 2011.
26      Plaintiff returned the vehicle on or about September 6, 2011 to BMW NA's Concord
27 dealership. An inspection of the vehicle found a missing accessory (a programmable key) and
28

damage beyond ordinary wear and tear, including scratches and dents on the driver's door and right rear quarter panel of the vehicle, and damage to the front rims. The total repair and replacement cost came to $3,224.34. Plaintiff refused to pay those charges.

BMW NA participates in the Better Business Bureau's Autoline program, which provides lemon law arbitration services for many customers and manufacturers in California. The results are binding on BMW NA but not on the customer. The parties went through a BBB arbitration, and the arbitrator upheld BMW NA's position.

Although it was vindicated at arbitration, BMW NA continued to attempt to resolve the dispute with its customer. It subsequently offered to cover all but $1,000 of the damage to the vehicle. Plaintiff rejected the offer and filed this lawsuit.

The objective of this lawsuit appears to be to collect a civil penalty for an alleged willful violation of the Song-Beverly Act. There are no facts to support a claim for civil penalties as there is no willful violation of the Song-Beverly Consumer Warranty Act on the part of BMW NA. First, Plaintiff and BMW NA negotiated a settlement in order to avoid litigation, and BMW NA made good-faith offers pursuant to that agreement. Plaintiff agreed to return the subject vehicle in good working order and with all parts (based on the agreement) and failed to do so. Second, Plaintiff voluntarily submitted to an arbitration process that explicitly allows for wear-and-tear deductions.

3. **Legal Issues**

*Plaintiff*

The legal questions presented by the current pleadings include: whether the formula for calculation of the repurchase price provided by Civil Code Section 1793.2(d)(2) permits reduction for "wear and tear;" whether, if it fails to apply the repurchase formula prescribed by that section, BBB is a qualified arbitrator pursuant to §1793.22(d)(5); and whether the "agreement" alleged by BMW is contrary to public policy, unenforceable and void, pursuant to Section 1790.1.

Legal questions that may be raised by amendment to the complaint include: whether BMW's alleged "agreement" violated Civil Code Section 1770 (a)(14) ("representing that a transaction confers

or involves rights, remedies or obligations which are prohibited by law") and Bus. & Prof. Code Sec. Section 17200 (unfair and unlawful business practices).

***Defendant***

In addition to the issue identified above, the following issues are presented: (1) whether Plaintiff is bound by the terms of the agreement that he signed; (2) whether BMW NA's actions were "willful" violations of its obligations under the Song-Beverly Act in order for Plaintiff to be entitled to make a claim for discretionary civil penalties of up to two time the amount of actual damages; (3) whether the "actual damages" may exceed $1,000; (4) whether this attorney plaintiff, prosecuting this lawsuit through his own law firm, may assert a claim for attorney's fees.

**4.     Motions**

There are no pending motions at this time.

**5.     Amendment of Pleadings**

None anticipated.

**6.     Evidence Preservation**

Plaintiff is preserving all evidence relevant to the issues in this action.

BMW NA is also preserving all evidence relevant to the issues in this action.

**7.     Disclosures**

The parties have each served initial disclosure statements and exchanged initial documents.

**8.     Discovery**

Plaintiff will serve written discovery upon BMW, including requests for admission, document requests, and interrogatories. Plaintiff will serve third party subpoenas for documents and testimony as necessary, including the BBB, the California Department of Consumer Affairs, Impartial Services Group, and BMW Concord. Plaintiff may also notice depositions of third party dealership employees.

BMW NA intends to serve written discovery on Plaintiff, including document requests, requests for admissions, and interrogatories. BMW NA also intends to take the deposition of Plaintiff.

///

///

**9. Class Actions**

Not applicable.

**10. Related Cases**

Not applicable.

**11. Relief**

Plaintiff seeks a repurchase of the vehicle, including all payments made and finance charges. Plaintiff claims BMW's conduct is in willful violation of the Song-Beverly Consumer Warranty Act, and that plaintiff is entitled to restitution, incidental damages, civil penalties, and attorneys' fees.

**12. Settlement and ADR**

The parties have not yet been able to agree on ADR, but a telephone conference with ADR Program staff is scheduled for July 9, 2012.

**13. Consent to Magistrate Judge For All Purposes**

The parties have consented to Magistrate Judge for All Purposes.

**14. Other References**

The parties do not believe this case is suitable for other references.

**15. Narrowing of Issues**

The parties are not aware of anything that can be narrowed at this time by agreement or by motion.

**16. Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

**17. Scheduling**

The parties propose the following discovery and trial related dates:

Deadline for Completion Written Discovery: March 29, 2013

Deadline for Completion of Party Depositions: March 29, 2013

Deadline for Initial Expert Disclosures by All Parties: April 5, 2013

Deadline for Completion of All Expert Discovery: April 30, 2013

Deadline for Filing Dispositive Motion: May 10, 2013

Trial Ready Date: July 8, 2012

**18.    Trial**

The parties anticipate the trial in this matter will last 3-5 days.

**19.    Disclosure of Non-party Interested Entities or Persons**

None.

**20.    Other Issues**

None.

Dated: July 5, 2012                                        KAISER GORNICK LLP


By: _s/Dennis J. Canty_____
    LAWRENCE J. GORNICK
    DENNIS J. CANTY
    Attorneys for Plaintiff
    JEFFREY A. KAISER


Dated: July 5, 2012                                        LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _s/Shahram Nassi_____
    ROGER S. RAPHAEL
    SHAHRAM NASSI
    Attorneys for BMW OF NORTH AMERICA, LLC

# CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action. My business address is 100 First Street, 25th Floor, San Francisco, CA 94105.

On the date indicated below, I served true copies of the following document(s) described as:

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

on the interested parties in this action as follows:

LEWIS BRISBOIS BISGAARD & SMITH LLP
Roger S. Raphael, Esq. (SB #111946)
Email: raphael@lbbslaw.com
Shahram Nassi, Esq. (SB #239812)
Email: nassi@lbbslaw.com
One Sansome Street, Suite 1400
San Francisco, CA 94104
Tel: 415/362-2580
Fax: 415/434-0882
**Counsel for Defendant BMW OF NORTH AMERICA, LLC**

**XX**   **BY CM/ECF** for parties that are CM/ECF participants. Service is being made electronically on those parties listed above that are registered users of the Court's Electronic Case Filing System.

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 5, 2012 at San Francisco, California.

*[signature]*
Nancy L. Martin