

Jeffrey A. Kaiser
Lawrence J. Gornick
Dennis J. Canty
Catherine G. Nguyen
Joshua O. Reed
David Markevitch
Ariel K. Salzer
Nicholas A. Deming

April 30, 2013

Hon. Donna M. Ryu
U.S. District Court, Oakland Courthouse
1301 Clay St., Courtroom 4, 3rd floor
Oakland, CA 94612

    Re:    *Kaiser v. BMW of North America, et al.*
            Northern District of CA Case No. C 12-01311 DMR
            Joint Letter re Discovery No. 3

Dear Judge Ryu:

    Pursuant to ¶10 of your Standing Order, please accept the parties' third joint letter regarding a discovery dispute in the captioned matter. Discussion of ways to resolve the dispute continued from late last Friday into today, and the parties made this submittal as soon as was practicable under those circumstances. The requests and responses at issue are listed in a table attached as Exhibit 1. Thank you for your consideration.

## Summary

    The parties met and conferred extensively following the hearing on April 18, 2013. That day, BMW agreed to do the following within 30 days:

    In response to RPD 2-7, BMW will provide monthly statistics about California repurchases, including: the total number of BMW buybacks in California, in how many BMW demanded deductions, in how many the consumer met BMW's demand, and the extent of BBB's involvement in each (resolved short of arbitration or not).

    BMW will supplement responses to Rogs 8-10 (relating to repurchase policies), identify what in its past production it contends is responsive to RPD 14 and produce any additional policy documents, clearly identifying which are responsive.

    BMW will supplement responses to RPD 13 (for communications related to the legality of damage deductions) and produce general documents not related to any specific customer. In order to identify responsive communications with other customers, while avoiding manual review of files, BMW proposed to query its databases using search terms. Plaintiff agreed to consider this possibility, provided plaintiff would have enough information to evaluate the feasibility and accuracy of the searches, and to provide input. BMW agreed to provide answers to questions about the database, collaborate on search terms, consider providing a list of fields, and consider providing a manual.

    At the end of the session on April 18, the parties could not agree as to the relevant time frame for the above requests. Plaintiff agreed to limit the requests to the past 10 years. BMW

Letter to Judge Ryu
April 30, 2013
Page 2

took the position that it would limit its responses to the past 5 years, but agreed to consider plaintiff's position and respond within a week.

On April 26, the parties again conferred by telephone. BMW indicated it would maintain its position regarding the relevant time frame of discovery. BMW declined to provide a list of fields or a manual for the systems to be queried for customer communications. BMW also indicated that it would redact customer identifying information from any communications related to the legality of damage deductions. The parties request the Court's guidance in these disputed areas.

## **Timeframe of Discovery**

Plaintiff's Position

These requests encompass a) specified monthly statistics; b) documents showing policies and practices; c) general communications relating to the legality of damage deductions; and d) communications with specific customers regarding the same. Plaintiff requests information going back 10 years (through 2003) because that is when BMW began its relationship with BBB. This time frame would also encompass information related to the important case *Jiagbogu v. Mercedes Benz*, which was decided in 2004. The requested time frame is certainly relevant.

BMW opposes plaintiff's request, limiting its response to 5 years, due to a "technical" problem with its databases. BMW admits that it maintains 10 years of database records containing data similar to Kaiser's Service Request Detail (Exhibit 2 to Joint Letter No. 1). But BMW's preferred method of narrowing records for review utilizes yet another system – one with damage deduction data. The system with damage deduction data, BMW claims, goes back only five years. Without support, BMW claims that searching its electronic information from 6-10 years would be unduly burdensome.

Plaintiff proposed that BMW use its preferred system for the most recent five years, and that the parties collaborate on search methodology which would return a manageable number of records for the remaining 5 years. BMW refused. And BMW refuses to reveal enough information about its systems to make collaborative efforts useful. Though plaintiff has referred BMW to the Northern District EDiscovery Guidelines - including Guideline 2.03 (Cooperation and Informal Discovery Regarding ESI) - BMW continues to oppose reasonable disclosure of its systems. BMW cannot on one hand claim that requests are too burdensome, and on the other hand resist disclosure of the burden and refuse offers of technical assistance in narrowing the search.

Finally, BMW's claimed "burden" due to "technical feasibility" applies only to those requests for information that is actually in the database: categories (a) and (d) above. The burden claim is inapplicable to categories (b) and (c).

Defendant's Position

     BMW opposes the proposed 10-year time frame on grounds of both relevance and burden. Propounding these kind of requests is an excellent value for the proponent: with a few hours of drafting time, a responding party, particularly a corporate defendant that can be presumed to have thousands of customers and decades of records, can be tied in knots as its legal staff, its IT staff, its clerical staff, its outside counsel and more are compelled to hunt for records of customers who have nothing to do with the transaction at hand.  BMW NA understands that the Court is inclined to permit a limited degree of inquiry beyond the plaintiff's specific case, but looks to the Court to contain these requests within a realm of reason.

     Plaintiff argues for 10 years based on the beginning of the relationship with the BBB, or a development in the case law that he claims is significant. But surely this is an arbitrary exercise that has no logical limits.  Any party can always find a fig leaf of argued relevance to justify intrusive discovery, and in this case plaintiff could just as easily have found some legislative or judicial development going back decades to proffer as a justification (and in fact, plaintiff's most recent set of discovery requests seeks information dating from the 1980s.)

     It is BMW NA's position that five years is more than reasonable. The court has made it clear that the burdens and intrusion of class-action type discovery will not be permitted in this individual action. Five years is a period of time that covers events both before and after the plaintiff's own repurchase (2011) and the Gezalyan case (2010), which plaintiff alleges was a significant development involving BMW  NA. Statistical and other information from 2008 through 2012 will provide a wealth of data regarding repurchases by BMW on or about the time of plaintiff's own repurchase.  Plaintiff may draw whatever conclusions he wishes from that data, but at some point, and enough is truly enough.

     In addition, extending the timeframe further back will increase the burden to the company. As has been explained to plaintiff, from 2008 to the present, BMW has the ability to identify VINs for vehicles on which deductions were requested or paid. (BMW must clarify one point: this capability actually came online in the last quarter of 2007.) This is the set of repurchases in which statistical information can be presented and discussions of the "legality" of damage deductions might be expected to occur; it may then identify the records for these VINs, and depending on their number and bulk, either review them manually or with search terms.

     No such capability exists prior to 2008. Although BMW NA maintained a database prior to that year, and the database has the capability to identify lemon law buyback requests, it did not track damage deductions. Information on these deductions may not even be contained within BMW NA's records, as the issue may have been handled between the customer and the dealer to which the vehicle was returned. Thus, to produce even general statistical information in the pre-2008 timeframe, let alone identify communications regarding specific substantive topics, would require a high degree of manual review. BMW NA submits that the needs of this case are adequately served by a five year time frame encompassing relevant events that will enable information to be gathered without undue burden.

Letter to Judge Ryu
April 30, 2013
Page 4

BMW NA takes issue with plaintiff's claim that it unwilling to share reasonable information about its databases. While the company is not inclined to turn over unfettered access to confidential, proprietary information, it has already shared a fair bit of information about its systems, as reflected in both portions of this letter.  It intends to continue to meet and confer on this issue, even after the submission of this letter.

## Redaction of Identifying Information

Plaintiff's Position

At the April 18 hearing, the Court found that plaintiff's request for communications with third parties related to the legality of damage deductions was particularized and relevant.  The court ordered that BMW search its files for and produce responsive communications.  Over BMW's objections, the Court indicated these documents would need to be produced, expressing confidence in its ability to provide privacy protections via protective order.

On April 26, BMW indicated its intent to redact identifying information from the communications it produces.  This deprives plaintiff of discovery of relevant fact witnesses, and is inconsistent with the Court's guidance on April 18.

Defendant's Position

Although the Court issued guidance on the "legality of damage deductions" issue on April 18, it did not make any specific order on this point. While BMW is willing to search for, and produce discussions at a policy level if they exist, it remains BMW's position that customer communications, and communications *about* customers in the course of individual repurchase transactions are protected by their rights of privacy, rights that are guaranteed by statute and the California Constitution, not to mention the privacy policies of BMW NA, the BBB and the California Department of Consumer Affairs, all as previously briefed.

BMW NA disagrees with plaintiff's suggestion that these issues can be handled adequately via a protective order. BMW NA is not aware of any procedure that allows the rights of third parties to be compromised by such an order without their knowledge or consent, nor are the notice and opt-in procedures designed to discover absent class members appropriate for an individual case.  If the plaintiff hypothesizes that prior communications, positive or negative, by customers and their lemon law attorneys on the subject of damage deductions, would be relevant to his claims of willfulness, then surely the substance of those communications is sufficient for that purpose. At most, the Court should order production of redacted communications that do not contain personal identifying information.

Letter to Judge Ryu
April 30, 2013
Page 5

      BMW NA understands that this Court may make an order on this issue, and will do so absent agreement by the parties. However, BMW NA cannot, and will not, stipulate to turn over personal identifying information of its third party customers.

### **Attestation**

      We attest that we have met and conferred in good faith by telephone concerning the issues discussed above.

| | |
|---|---|
| Dated: April 30, 2013 | /s/ Dennis J. Canty |
| | Lawrence J. Gornick |
| | Dennis J. Canty |
| | Nicholas A. Deming |
| | |
| | Attorneys for Plaintiff |
| | JEFFREY A. KAISER |
| | |
| Dated: April 30, 2013 | /s/ Roger S. Raphael |
| | Roger S. Raphael |
| | |
| | Attorneys for Defendant |
| | BMW OF NORTH AMERICA, LLC |

# Exhibit 1

Joint Letter No. 3, Exhibit 1; Items in Dispute

| | |
|---|---|
| **INTERROGATORY NO. 8:**<br>Describe all steps taken by BMW to ensure that its business practices in California are in conformity with California Civil Code § 1793.2(d)(2)(C). | **RESPONSE TO INTERROGATORY NO.8:**<br>Defendant objects that this Request seeks documents protected by the attorney client privilege and the work product doctrine. Defendant objects that this Request is unduly burdensome in proportion to its likely benefit. Defendant objects that this Request seeks information relating to third parties that is protected by constitutional, statutory, judicial or other guarantees of privacy. Defendant objects that this request is vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.<br><br>**SUPPLEMENTAL RESPONSE TO ROG NO. 8**<br>Defendant hereby re-states and incorporates by reference its prior objections and responses to this interrogatory. Without waiving said objections, Defendant supplements its response as follows:<br>Defendant reiterates its objections to the overbreadth of this interrogatory. Defendant's "business practices" in the state of California, as applied to the plaintiff in this action, were to calculate the amount directly attributable to use by the buyer in accord with the formula set forth in section 1793.2(d)(2)(C) and the terms of plaintiffs agreement, and to adjust the amount payable to the buyer in accord with that formula. Section 1793.2(d)(2)(C) does not preclude the application of other adjustments based on equitable principles, when a buyer, as here, returns a vehicle in damaged condition or with missing parts and accessories. See, e.g. California Code of Regulations, Title 16, Division 33.1, section 3398.10.<br>Defendant maintains a qualified third-party dispute resolution process. Defendant participates in a qualified third-party dispute resolution process. The BBB's Auto Line Program is certified by the California Department of Consumer Affairs, and BMW currently participates in the program. |
| **INTERROGATORY NO. 9:**<br>Identify all documents which relate to your response to Special Interrogatory No. 8. | **RESPONSE TO INTERROGATORY NO.9**:<br>Defendant objects that this Request seeks documents protected by the attorney client privilege and the work product doctrine. Defendant objects that this Request is unduly burdensome in proportion to its likely benefit. Defendant objects that this Request seeks information relating to third parties that is protected by constitutional, statutory, judicial or other |

Joint Letter No. 3, Exhibit 1; Items in Dispute

|  |  |
|---|---|
|  | guarantees of privacy. Defendant objects that this request is vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.<br><br>**SUPPLEMENTAL RESPONSE TO ROG NO.9**<br>    Defendant hereby re-states and incorporates by reference its prior objections and responses to this interrogatory. Without waiving said objections, Defendant supplements its response as follows:<br>    The agreement to repurchase Plaintiffs vehicle, communications and other documents exchanged between Plaintiff, Defendant and Defendant's transfer agent, and the other documents produced by Defendant in response to discovery or as part of its initial disclosures. |
| **INTERROGATORY NO. 10:**<br>Identify (by name address and telephone number) all persons with knowledge of the facts set forth in your response to Special Interrogatory No. 8. | **RESPONSE TO INTERROGATORY NO. 10:**<br>    Defendant objects that this Request seeks documents protected by the attorney client privilege and the work product doctrine. Defendant objects that this Request is unduly burdensome in proportion to its likely benefit. Defendant objects that this Request seeks information relating to third parties that is protected by constitutional, statutory, judicial or other guarantees of privacy. Defendant objects that this request is vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.<br><br>**SUPPLEMENTAL RESPONSE TO ROG NO. 10**<br>    Defendant hereby re-states and incorporates by reference its prior objections and responses to this interrogatory. It is impossible to identify all people with knowledge of legal issues presented in interrogatory no. However, without waiving said objections, Defendant supplements its response as follows:<br><br>1. Charles Korn<br>   BMW of North America, LLC<br>   1150 South Milliken A venue<br>   Ontario, CA 91761<br>   Telephone: (800) 626-2478<br><br>2. Fran Kirnum<br>   BMW of North America, LLC |

Joint Letter No. 3, Exhibit 1; Items in Dispute

|  | 300 Chestnut Ridge Road<br>Woodcliff Lake, New Jersey 07677<br>Telephone: (201) 307-4000<br>3. Plaintiff Jeffrey A. Kaiser<br>  c/o Lawrence J. Gornick, Esq.<br>  Dennis J. Canty, Esq.<br>  Kaiser Gornick LLP<br>  100 First Street, 25th Floor<br>  San Francisco, CA 94105<br>  Telephone: (415) 857-7470<br><br>4. Jason Ruscher<br>  BMW Concord Collision Center<br>  1321 Galaxy Way, Suite B<br>  Concord, CA 94502<br>  Telephone: (925) 682-3577<br><br>5. Caroline Hill<br>  Better Business Bureau, Inc.<br>  4200 Wilson Boulevard, Suite 800<br>  Arlington, VA 22203-1838<br>  Telephone: (800) 955-5100<br><br>6. John McDonald<br>  BBB Arbitrator<br>  Better Business Bureau, Inc.<br>  1000 Broadway, Suite 625<br>  Oakland, CA 94607<br>  Telephone: (800) 955-5100<br><br>7. Darryn Johnson<br>  Impartial Services Group, LLC<br>  105 Decker Court, Suite 300<br>  Irving, Texas 75062<br>  Telephone: (800) 215-6230<br><br>8. Holly Wiley<br>  Impartial Services Group, LLC<br>  105 Decker Court, Suite 300<br>  Irving, Texas 75062<br>  Telephone: (800) 215-6230<br><br>9. Service representatives at BMW Concord, who serviced the subject vehicle<br>  BMW Concord<br>  1967 Market Street |
|---|---|

Joint Letter No. 3, Exhibit 1; Items in Dispute

|  | Concord, CA 94520<br>(925) 882-03577 |
|---|---|
| **REQUEST FOR PRODUCTION NO. 2:**<br>All communications with BBB related to any insurance (an "INCIDENT") in which an auto manufacturer, in the course of a repurchase or replacement transaction pursuant to the Song- Beverly Consumer Warranty Act (California Civil Code $1790, et. seq., the "ACT")<br>a. took or attempted to take a deduction from the vehicle repurchase price for damage, "wear and tear," or use other than as prescribed by California Civil Code $1793.2(d);<br>b. requested or required repairs to vehicle as a condition of repurchase; or<br>c. represented to any consumer that (a) or (b) was permitted by CA law. | **RESPONSE TO RPD NO.2:**<br>Defendant objects that this Request is unduly burdensome in proportion to its likely benefit. Defendant objects that this Request seeks information relating to third parties that is protected by constitutional, statutory, judicial or other guarantees of privacy. Defendant objects that this request is vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant will produce all non-privileged responsive documents within its possession, custody and control, to the extent not already produced, related to the "INCIDENT" involving plaintiff Jeffrey A. Kaiser.<br><br>No supplemental response. |
| **REQUEST FOR PRODUCTION NO.3:**<br>All documents related to any BBB arbitration involving an INCIDENT. | **RESPONSE TO RPD NO. 3:**<br>Defendant objects that this Request is unduly burdensome in proportion to its likely benefit. Defendant objects that this Request seeks information relating to third parties that is protected by constitutional, statutory, judicial or other guarantees of privacy. Defendant objects that this request is vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant will produce all non-privileged responsive documents within its possession, custody and control, to the extent not already produced, related to the "INCIDENT" involving plaintiff Jeffrey A. Kaiser.<br><br>No supplemental response. |
| **REQUEST FOR PRODUCTION NO. 4:**<br>All communications with BMW's agents, such as ISG, regarding an INCIDENT. | **RESPONSE TO RPD NO. 4:**<br>Defendant objects that this Request is unduly burdensome in proportion to its likely benefit. Defendant objects that this Request seeks information relating to third parties that is protected by constitutional, statutory, judicial or other guarantees of privacy. Defendant objects that this request is vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Without |

Joint Letter No. 3, Exhibit 1; Items in Dispute

|  | waiving these objections, Defendant will produce all non-privileged responsive documents within its possession, custody and control, to the extent not already produced, related to the "INCIDENT" involving plaintiff Jeffrey A. Kaiser.<br><br>No supplemental response. |
|---|---|
| **REQUEST FOR PRODUCTION NO. 5:**<br>All communications with dealers, such as BMW Concord, regarding an INCIDENT. | **RESPONSE TO RPD NO. 5:**<br>Defendant objects that this Request is unduly burdensome in proportion to its likely benefit. Defendant objects that this Request seeks information relating to third parties that is protected by constitutional, statutory, judicial or other guarantees of privacy. Defendant objects that this request is vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant will produce all non-privileged responsive documents within its possession, custody and control, to the extent not already produced, related to the "INCIDENT" involving plaintiff Jeffrey A. Kaiser.<br><br>No supplemental response. |
| **REQUEST FOR PRODUCTION NO. 6:**<br>All communications with California Department of Consumer Affairs relating to an INCIDENT. | **RESPONSE TO RPD NO. 6:**<br>Defendant objects that this Request is unduly burdensome in proportion to its likely benefit. Defendant objects that this Request seeks information relating to third parties that is protected by constitutional, statutory, judicial or other guarantees of privacy. Defendant objects that this request is vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant will produce all non-privileged responsive documents within its possession, custody and control, to the extent not already produced, related to the "INCIDENT" involving plaintiff Jeffrey A. Kaiser.<br><br>No supplemental response. |
| **REQUEST FOR PRODUCTION NO. 7:**<br>All internal email, correspondence, memoranda, database records, or other documents or communications related to an INCIDENT. | **RESPONSE TO RPD NO. 7:**<br>Defendant objects that this Request is unduly burdensome in proportion to its likely benefit. Defendant objects that this Request seeks information |

Joint Letter No. 3, Exhibit 1; Items in Dispute

|  |  |
|---|---|
|  | relating to third parties that is protected by constitutional, statutory, judicial or other guarantees of privacy. Defendant objects that this request is vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant will produce all non-privileged responsive documents within its possession, custody and control, to the extent not already produced, related to the "INCIDENT" involving plaintiff Jeffrey A. Kaiser.<br><br>No supplemental response. |
| **REQUEST FOR PRODUCTION NO. 13:**<br>All documents related to whether it is lawful or permissible for an auto manufacturer, in the course of a repurchase or replacement transaction pursuant to the ACT, to:<br>a. take or attempt to take a deduction from the vehicle repurchase price for damage, "wear and tear," or use other than as prescribed by California Civil Code § 1793.2(d)(2)(C);;<br>b. request or require repairs to vehicle as a condition of repurchase; or<br>c. represent to any consumer that (a) or (b) is permitted by CA law.<br><br>This includes (without limitation) internal correspondence and memoranda, and communications with the California Department of Consumer Affairs, BBB, any auto manufacturer, or any vehicle purchaser. | **RESPONSE TO RPD NO. 13:**<br>Defendant objects that this Request seeks documents protected by the attorney client privilege and the work product doctrine. Defendant objects that this Request seeks sources of legal authority that are equally available to plaintiff. Defendant objects that this Request is unduly burdensome in proportion to its likely benefit. Defendant objects that this Request seeks information relating to third parties that is protected by constitutional, statutory, judicial or other guarantees of privacy. Defendant objects that this request is vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.<br><br>No supplemental response. |
| **REQUEST FOR PRODUCTION NO. 14:**<br>All documents that evidence BMW's policies, procedures and practices for repurchase or replacement transactions pursuant to the ACT. | **RESPONSE TO RPD NO. 14:**<br>Defendant objects that this Request is unduly burdensome in proportion to its likely benefit. Defendant objects that this Request seeks information relating to third parties that is protected by constitutional, statutory, judicial or other guarantees of privacy. Defendant objects that this request is vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant will produce all non-privileged responsive documents within its possession, custody and control, to the extent not already produced, that related and applied to the repurchase request of plaintiff Jeffrey A. Kaiser. |

Joint Letter No. 3, Exhibit 1; Items in Dispute

|  | **SUPPLEMENTAL RPD NO. 14:** <br> Defendant hereby re-states and incorporates by reference its prior objections and responses to this request. Without waiving said objections, Defendant supplements its response as follows: <br> Defendant will produce all non-privileged documents in its possession, custody, or control, not previously produced, excluding documents relating to specific other repurchases or specific other customers. |
|---|---|

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Roger S. Raphael<br>Shahram Nassi<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94104<br>Telephone: (415) 362-2580<br>Facsimile: (415) 434-0882<br>raphael@lbbslaw.com<br>nassi@lbbslaw.com<br><br>Attorneys for BMW OF NORTH AMERICA, LLC | Stephen A. Scott<br>Dara M. Tang<br>HAYES SCOTT BONINO ELLINGSON & McLAY, LLP<br>203 Redwood Shores Pkwy., Ste. 480<br>Redwood City, CA 94065<br>Telephone: (650) 637-9100<br>Facsimile: (650)637-8071<br>sscott@hayesscott.com<br>dtang@hayesscott.com<br><br>Attorneys for COUNCIL OF BETTER BUSINESS BUREAUS, INC. |
|---|---|

By: /s/ Dennis J. Canty
Dennis J. Canty